**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| JOHN F. SCHLUETER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:06-1022 |
| ) | Judge Trauger |
| SOUTHERN ENERGY HOMES, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM and ORDER**

The defendant has filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Docket No. 8), to which the plaintiff has responded (Docket No. 11), and the defendant has replied (Docket No. 15). Because the plaintiff tendered an affidavit in support of its opposition to the Motion to Dismiss (Docket No. 13), the court has converted this motion to one for summary judgment and given both parties an opportunity to submit additional materials (Docket No. 14).

Factual Background

This is an action for malicious prosecution. On January 15, 2000, the plaintiff was fired from his employment with Southern Energy Homes Retail Corporation, a subsidiary of the defendant, Southern Energy Homes, Inc.[1] On April 6, 2000, the plaintiff was indicted in state court for theft in excess of $60,000 from his former employer, committed between March 1, 1999 and January 2000. (Docket No. 15, Ex. 3) He was tried by jury in the Criminal Court for

---

[1] The defendant maintains that this action has been brought against the wrong defendant, as Southern Energy Homes, Inc. was not technically the employer of the plaintiff. (Docket No. 8, n.1) Because of the disposition ordered herein, it is unnecessary to resolve this issue.

1

Sumner County, Tennessee, in October 2001 and convicted of the charged offense on October 17, 2001. (Docket No. 15, Ex. 4) On February 10, 2003, he was sentenced to 10 years in prison. *Id.* On March 11, 2003, new counsel on behalf of the plaintiff filed a Motion for New Trial, which was argued on August 20, 2003 and granted on November 17, 2003. (Docket No. 1, attach.) Although a new trial was granted, no new trial was scheduled, and, on May 26, 2005, the plaintiff herein filed a Motion to Dismiss, alleging that he had been denied his right to a speedy trial. (Docket No. 9, attach.) An Order granting the motion without explanation was entered June 15, 2006. (Docket No. 1, attach.) This action was filed on October 24, 2006.

Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001).

In determining whether the moving party has met its burden, the court must view the factual evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). "The court's function is not to weigh the evidence and determine the truth of the matters asserted, 'but to determine whether there is a genuine issue for trial.'" *Little Caesar Enters., Inc. v. OPPCO, LLC*, 219 F.3d 547, 551

(6th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

If the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which she has the burden, however, the moving party is entitled to summary judgment as a matter of law. *See Williams v. Ford Motor Co.*, 187 F.3d 533, 537-38 (6th Cir. 1999). To preclude summary judgment, the nonmoving party "must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Shah v. Racetrac Petroleum Co.*, 338 F.3d 557, 566 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252). If the evidence offered by the nonmoving party is "merely colorable," or "not significantly probative," or not enough to lead a fair-minded jury to find for the nonmoving party, the motion for summary judgment should be granted. *Anderson*, 477 U.S. at 249-52. "A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Hill v. White*, 190 F.3d 427, 430 (6th Cir. 1999) (citing *Anderson*, 477 U.S. at 247-49).

## Analysis

The parties are in agreement as to the elements that a plaintiff must prove in order to make out a case of malicious prosecution:

(1) a prior lawsuit or judicial proceeding was brought against the plaintiff without probable cause;

(2) the prior lawsuit or judicial proceeding was brought against the plaintiff with malice; and

(3) the prior lawsuit or judicial proceeding terminated in the plaintiff's favor.

3

*Parrish v. Marquis*, 172 S.W.3d 526, 530 (Tenn. 2005) (internal citations omitted). The defendant maintains that the plaintiff has failed to prove both the first and the third elements, as required.

Proving a lack of probable cause is a "heavy burden of proof on the plaintiff." *Kauffman v. A.H. Robins Co., Inc.*, 448 S.W.2d 400, 404 (Tenn. 1969). Here, not only was the plaintiff indicted by a grand jury, which had to have found probable cause that the offense had been committed, but he was convicted by a jury of the offense after a trial. The trial judge, in her order granting a new trial on the basis of ineffective assistance of counsel for failure to secure documents that might have mitigated "the amount of the loss," made it very clear that proof beyond a reasonable doubt as to the defendant's guilt was amply presented at trial. She stated, among other things: "The evidence adduced at the trial supported a verdict of guilty. The Defendant's own testimony convicted him. . . .The Defendant referred to these accounting scams as "creative financing." They were clearly illegal, and the jury was justified in its finding of Guilt. . . .The Court finds that while Defendant's guilt was proven by the State beyond a reasonable doubt, the Court is not convinced that, had all the documentation been presented to the jury, that it would have found the Defendant guilty of theft *over $60,000* beyond a reasonable doubt." (Docket No. 1, attach.) (emphasis added) The court granted the plaintiff herein a new trial so that he could "show its [sic] documents to the jury *in mitigation of damages*" (*Id.*) (emphasis added), as the sentencing range was determined by the amount of the loss. Clearly, the criminal charges were brought against the plaintiff *with* probable cause.

The plaintiff has not, and cannot, establish a genuine issue of material fact as to whether the criminal charge was brought against him without probable cause,[2] an essential element of a cause of action for malicious prosecution. Therefore, summary judgment must be granted to the defendant.

The parties have briefed extensively the question of whether the plaintiff has created a genuine issue of material fact as to whether the criminal proceedings terminated in his favor, the third element of a malicious prosecution claim. Because the court has determined that the plaintiff cannot sustain the first element of this cause of action, it need not engage in an analysis of this third element.

It is so **ORDERED**.

ENTER this 21st day of February 2007.

ALETA A. TRAUGER
U.S. District Judge

---

[2] The fact that the criminal case was ultimately dismissed is in no way an indication that probable cause did not exist at the outset. The Motion to Dismiss that resulted in the ultimate dismissal was based exclusively upon a denial of the right to speedy trial. (Docket No. 9, attach.) The Order granting that motion without any explanation whatsoever (Docket No. 9, attach.) can only be interpreted as granting a dismissal on the grounds set out in the motion. The plaintiff's criminal counsel may not, through the hearsay statements in her Affidavit (Docket No. 13), "fill in the blanks" (Docket No. 12 at 3) to furnish a rationale for the court's dismissal that does not appear in the court's Order. Courts speak through their orders. *In re the Adoption of Female Child E.N.R.*, 42 S.W.3d 26, 31 (Tenn. 2001).